# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BROTHER OF THE LEAF L.L.C.,** <br> **JACK SHEERIN,** <br><br> *Plaintiffs,* <br><br> vs. <br><br> **MARC AUB,** <br><br> *Defendant.* | § § § § § § § § § § § § § § | **SA-17-CV-00714-DAE** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Plaintiffs' Motion for Default Judgment [#30]. The motion was referred to the undersigned pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned recommends that the Motion [#30] be **GRANTED**.

### I. Procedural History

This is the third motion for default judgment that has been referred to the undersigned in this case and the third report and recommendation the undersigned has issued on Plaintiffs' requests for default judgment against Marc Aub. The undersigned will briefly restate the procedural history of this case again here. Plaintiffs Brother of the Leaf L.L.C. and Jack Sheerin, Brother of the Leaf's sole owner, filed this action on July 31, 2017, seeking a declaratory

1

judgment against Defendant Marc Aub, a former executive and agent for Brother of the Leaf. (Compl. [#1] at ¶¶ 8, 19, 21–22.)

The record reflects that Aub executed a Waiver of Service of Summons on September 18, 2017 and that his Answer was due on or before October 23, 2017 [#4]. When Aub failed to answer, Plaintiffs moved for a Clerk's Entry of Default, and the Clerk entered default on October 25, 2017 [#6]. Plaintiffs subsequently moved for a Default Judgment [#7]. After reviewing the pleadings and Plaintiffs' request for default judgment, the undersigned issued a report and recommendation [#11], recommending that Plaintiffs' motion be denied without prejudice to refiling an amended motion for default judgment due to a number of identified deficiencies in Plaintiffs' motion and pleadings: insufficient jurisdictional allegations, insufficient allegations of an actual controversy between the parties, and insufficient allegations to support the breadth of Plaintiffs' requested relief.

While the undersigned's report and recommendation remained pending, Plaintiffs filed an Amended Motion for Default Judgment [#13] in an attempt to correct these identified deficiencies. The undersigned reviewed the motion and issued a second report and recommendation [#18], concluding that although Plaintiffs had adequately alleged diversity jurisdiction, they had still failed to allege a concrete case or controversy to warrant the issuance of a default declaratory judgment. Accordingly, the undersigned recommended the Amended Motion for Default Judgment be denied and the previous report and recommendation be dismissed as moot. The Court adopted the recommendation on April 25, 2018 [#20] and ordered Plaintiffs to file an amended complaint containing more factual detail or face dismissal of their lawsuit.

Plaintiffs timely filed their Amended Complaint on May 16, 2018 [#23]. Plaintiffs served Aub with the Amended Complaint on July 13, 2018, making Aub's answer due by August 3, 2018 [#26]. When Aub failed to answer or otherwise respond, Plaintiffs again moved for a Clerk's Entry of Default, which the Court entered on August 6, 2018 [#27, #28]. Plaintiffs then filed the Motion for Default Judgment [#30] that is the subject of this report and recommendation. To date, Aub has neither responded to Plaintiffs' amended pleading nor their motion.

## II. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted. *See United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu,* 515 F.2d at 1206; *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) ("[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.") (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). A defaulting party is deemed to have

admitted all well-pleaded allegations of the complaint. *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992).

### III. Analysis

A. **The allegations in Plaintiffs' First Amended Complaint are well pleaded and should be deemed as admitted for purposes of the motion for default judgment.**

Plaintiffs' First Amended Complaint contains significantly more factual detail regarding the controversy between Plaintiffs and Defendant Marc Aub than Plaintiffs' Original Complaint and adequately corrects the deficiencies noted by the undersigned and the District Court in previous rulings. Having considered the allegations contained in the Amended Complaint, the undersigned finds they are well pleaded and therefore should be deemed as admitted for purposes of Plaintiffs' motion for default judgment. *See Matter of Dierschke*, 975 F.2d at 185. The following is an abbreviated version of the facts as alleged in the First Amended Complaint.

According to Plaintiffs' First Amended Complaint, Plaintiff Brother of the Leaf was in the business of the manufacture and sale of patented high quality cigar cutters and a complementary line of cigars until ceasing operations and selling its business in July 2015. (First Am. Compl. [#23] at ¶¶ 15–18, 66–72.) Plaintiff Jack Sheerin was Brother of the Leaf's sole owner and manager. (*Id.* at ¶ 19.) Defendant Marc Aub worked with Brother of the Leaf as a manager and agent from the company's inception in 2005 to the time its ceased operations. (*Id.* at ¶¶ 23–25.) Plaintiffs contend that Aub assured Sheerin that Aub had sufficient contacts in the cigar industry to make Brother of the Leaf successful. (*Id.* at ¶ 31.) Plaintiffs state that Sheerin invested substantial amounts of money in Brother of the Leaf in reliance on Aub's representations. (*Id.* at ¶ 31.)

Plaintiffs allege that Brother of the Leaf and Aub agreed that Aub's full compensation for his services would be a share of Brother of the Leaf's profits, once the company was profitable.

4

(*Id.* at ¶ 24.) According to Plaintiffs, Aub's terms of engagement did not include any entitlement to payment for his services other than this this share of profits. (*Id.* at ¶ 28.) From 2005 through 2014, Plaintiffs maintain that Sheerin never paid Aub in exchange for his services, and Aub never complained about his lack of compensation. (*Id.* at ¶¶ 34–35.) Brother of the Leaf never made a profit, and Plaintiffs claim that at the time of the company's sale its liabilities exceed its assets by hundreds of thousands of dollars. (*Id.* at ¶¶ 29, 66–71.) Plaintiffs allege they do not owe Aub any compensation for his work for the company and no written or verbal agreement exists obligating Plaintiffs to pay any amount of money to Aub. (*Id.* at ¶¶ 29–30.)

Plaintiffs complain that Aub misrepresented his expertise and contacts and mismanaged Brother of the Leaf's finances and operations. (*Id.* at ¶¶ 44–50.) Plaintiffs believe that Aub unjustly enriched himself by personally misappropriating Brother of the Leaf funds. (*Id.* at ¶¶ 51–54.) Plaintiffs claim that Aub directed Brother of the Leaf to pay over $400,000 in payments to himself through cash withdrawals from a Wachovia ATM machine, some of which were used for personal purposes. (*Id.* at ¶¶ 55–56.)

After Brother of the Leaf had ceased its operations in 2017, Plaintiff claim that Aub demanded that Plaintiffs pay Aub $210,000 under an alleged agreement to pay Aub for Brother of the Leaf's July 2015 sale of its assets, for Aub's services to the company, and in repayment for obligations Aub personally incurred on Brother of the Leaf's behalf. (*Id.* at ¶ 73.) Plaintiffs contend that Aub believes he is entitled to one half of the profits from the sale of Brother of the Leaf's assets in July 2015; Plaintiffs state that they sold the company's assets for approximately $420,000. (*Id.* at ¶ 74.) When Plaintiffs refused to pay Aub the demanded amount, Plaintiffs claim Aub threatened litigation. (*Id.* at ¶¶ 75–78.) Plaintiffs include in their Amended

Complaint a copy of a letter dated June 2, 2017 from Aub to Sheerin, which demands payment of the $210,000 and threatens legal action if payment is not made by August 5, 2017. (*Id.* at ¶ 78.)

Based on these allegations, Plaintiffs assert four causes of action against Aub: (1) declaratory judgment that Plaintiffs do not owe Aub $210,000 or any amount of money; (2) fraud; (3) breach of fiduciary duty; and (4) conversion. (*Id.* at ¶¶ 94–102.)

**B.     Plaintiffs are entitled to a default declaratory judgment.**

Plaintiffs seek a default declaratory judgment that "Plaintiffs are not liable to Marc Aub for the $210,000 demanded by Marc Aub"; "Plaintiffs do not owe Aub for his providing services to [Brother of the Leaf]"; and "Plaintiffs do not owe Aub due to obligations Aub allegedly personally incurred on [Brother of the Leaf]'s behalf." Plaintiffs are entitled to the default declaratory judgment they seek because the allegations in their First Amended Complaint are sufficient to warrant declaratory relief.

The decision of whether to entertain a declaratory judgment is subject to the court's broad discretion. *Winton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). Declaratory relief is available where "'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Casualty Co. v. Pacific Coal & Oil Co.*, 132 U.S. 270, 273 (1941)). In other words, a "declaratory judgment action, like any other action, must be ripe in order to be justiciable." *Orix Credit Alliance, Inc. v.*

*Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). "The threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based." *Orix Credit Alliance, Inc.*, 212 F.3d at 897. Whether such allegations suffice to warrant a declaratory judgment depends on whether there is a "practical likelihood that a controversy will become real." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002).

Plaintiffs' Amended Complaint contains sufficient allegations of a specific and concrete threat of litigation by Aub against Plaintiffs such that Plaintiffs' request for declaratory relief is ripe. *See Orix Credit Alliance, Inc.*, 212 F.3d at 897. Aub's demand letter, which is attached to Plaintiff's Amended Complaint, demands payment of $210,000 based on a purported agreement dated July 15, 2015, and threatens legal action if payment is not received by a date certain. (Am. Compl. [#23] at 78.)

Plaintiffs allege there was never an agreement to compensate Aub for his work for Brother of the Leaf, either verbal or written, aside from the parties' agreement that Aub share in Brother of the Leaf's profits, if the company ever became profitable. (*Id.* at ¶ 24.) Plaintiffs further claim that at the time of the sale of Brother of the Leaf's assets in July 2015, the company had never made a profit and the $420,000 received in the sale did not cover all of Brother of the Leaf's liabilities. (*Id.* at ¶¶ 66–75.) Plaintiffs assert that Brother of the Leaf's liabilities still exceed its assets by hundreds of thousands of dollars. (*Id.* at ¶ 72.) These allegations, which the Court accepts as true for purposes of Plaintiff's motion for default judgment, establish that Plaintiffs are not liable to Aub for the $210,000 he demanded and Plaintiffs do not owe Aub any compensation for his services to Brother of the Leaf or as reimbursement for any obligations he

personally occurred on Brother of the Leaf's behalf. Accordingly, Plaintiffs are entitled to the default declaratory judgment they seek.[1]

## IV. Conclusion and Recommendation

Accordingly, having considered Plaintiffs' motion, their Amended Complaint, the record in this case, and the governing law, the undersigned recommends that Plaintiffs' Motion for Default Judgment [#30] be **GRANTED** and the Court render a Default Judgment in the language set forth in Plaintiffs' Proposed Order [#30-4]**.**

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52(1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations

---

[1] The undersigned notes that Plaintiffs have not moved for default judgment as to their claims of fraud, breach of fiduciary duty, or conversion.

contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of September, 2018.

/s/ Elizabeth S. Chestney
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE